# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

_____
                                            )
DABIN KI                                    )
414 Sisson Court                            )
Silver Spring, MD 20902                     )
                                            )
    Plaintiff,                              )
                                            )
        v.                               )   Case No.
                                            )
KRISTINE L. SVNICKI, CHAIRMAN               )
UNITED STATES                               )
NUCLEAR REGULATORY COMMISSION               )
Secretary of the Commission                 )
U.S. Nuclear Regulatory Commission          )
Mail Stop O-16 B33                          )
Washington, DC 20555-0001                   )
                                            )
    Defendant.                              )
_____ )

## COMPLAINT
## (Discrimination in Violation of
## Title VII of the Civil Rights Act of 1964)

COMES NOW the Plaintiff, DaBin Ki, by and through her attorneys, Webster & Fredrickson, and for her Complaint in the above-captioned action states to this Honorable Court as follows:

## INTRODUCTION

1. Plaintiff DaBin, an Asian-American woman, brings a race and sex harassment complaint against the United States Nuclear Regulatory Commission (the "NRC"). Ms. Ki's colleague, Jeff Circle, subjected Ms. Ki to a hostile work environment during a detail within NRC. Circle mocked Asian employees in their accents and heights, berated Ms. Ki without reason, and otherwise discriminated against her based on her sex and race.

## JURISDICTION AND VENUE

2. This court has jurisdiction over this matter pursuant to U.S.C. § 2000e5(f)(3), and 28 U.S.C. § 1331.

3. Venue is proper under MD Code, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391 as most of the acts complained of herein occurred in Rockville, Maryland.

4. Plaintiff Ki exhausted her administrative remedies, and the NRC issued a Final Agency Decision received on October 21, 2019.

5. Plaintiff filed the instant action within ninety days of service and ninety days of receipt of the Final Agency Decision.

## PARTIES

6. Plaintiff DaBin Ki is an adult Asian-American woman. At all times relevant to this Complaint, the NRC employed Plaintiff Ki.

7. Defendant NRC was created as an independent agency by Congress in 1974 to ensure the safe use of radioactive materials for beneficial civilian purposes while protecting people and the environment. The NRC regulates commercial nuclear power plants and other uses of nuclear materials, such as in nuclear medicine, through licensing, inspection and enforcement of its requirements. The NRC and is an employer within the meaning of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, et seq.

## FACTS GIVING RISE TO RELIEF

8. Plaintiff DaBin Ki currently works in the NRC's Office of Nuclear Reactor Regulation (NRR), Division of Reactor Oversight (DRO), Operator Licensing Branch (IOLB).

9. Plaintiff Ki has been employed with the NRC for 11 years, beginning on September 8, 2008.

10. Ms. Ki served on a detail to the PRA Operations and Human Factors Branch (APHB) within the Division of Risk Assessment (DRA), NRR, from approximately 2016 to 2018.

11. During her detail to NRR, her supervisor was the APHB Branch Chief, who from 2016 to March 2018 was Sunil Weerakkody (Sinhalese, male), and from March 2018 to September 2018 was Christopher J. (CJ) Fong.

12. Ms. Ki's second level supervisor in APHB from January 2018 through the end of your detail in September 2018 was Michael Franovich.

13. While on her detail in the APHB, Ms. Ki you were subjected to incidents of unlawful harassment based on your race and gender, Asian and female, by a fellow employee in the APHB, Jeff Circle (Caucasian, male).

14. Ms. Ki reported these incidents to Mr. Weerakkody, but Mr. Weerakkody failed to address Ms. Ki's concerns and did not communicate these issues to his management.

15. Around the time that Ms. Ki's detail in the APHB ended in September 2018, Ms. Ki brought her concerns to NRC's EEO office and to the NRC's Office of the Chief Human Capital Officer (OCHCO).

16. OCHCO shortly thereafter commenced an inquiry into your allegations under the Agency's Anti-Harassment Policy, and subsequently found this policy was violated with regarding one of Ms. Ki's claims.

17. Throughout Ms. Ki's two-year detail, Ms. Ki witnessed Mr. Circle mimicking an Asian accent to imitate the APHB Branch Chief, Mr. Weerakkody.

18. Ms. Ki told Mr. Weerakkody about this he said that you should "just forget about it" and "let it go" because he himself was not offended by it.

19. Mr. Circle frequently referred to the way "they" talk, inferring an Asian accent.

20. During Branch meetings Mr. Circle would search under the conference table to pretend to look for Mr. Weerakkody and fellow NRC employee See-Meng Wong when they were not yet in the conference room.

21. Mr. Circle did this to mock their short stature.

22. Ching Ng, another Branch member, was also subjected to Mr. Circle's negative behavior.

23. Ms. Ki reported the mocking incident to Mr. Weerakkody, indicating that she were offended, and that if another incident occurred you would report it to the union.

24. Shortly thereafter, in March 2018, Mr. Weerakkody left his Branch Chief position in March 2018.

25. Former Branch member who served as an Acting Branch Chief in the APHB, Donald Chung (Asian, male), witnessed Mr. Circle's behavior on several occasions.

26. Around September 2018, Ms. Ki's detail in the APHB, DRA, NRR, ended and she returned to her then permanent office in the Office of Nuclear Regulatory Research.

27. Donald Chung admitted that that Ms. Ki reported the harassment to him and that you identified Mr. Circle as the harasser.

28. Mr. Chung further admitted states that on multiple occasions he witnessed Mr. Circle making derogatory remarks regarding staff members of other cultures.

29. Mr. Chung also recalled an occasion where a female staff member in NRR, Margaret Ellenson, broke down in tears in response to comments from Mr. Circle.

30. Ching Ng, a fellow Branch member of the APHB, admitted that he heard Mr. Circle make statements that were derogatory or involved negative stereotypes, including some regarding height, that were directed at his supervisor.

31. Mr. Ng also heard from others that Mr. Circle made derogatory statements about Asian females.

32. Antonios Zoulis (Caucasian, male) is another Branch member who worked with Ms. Ki during her detail in the APHB; he admitted that Mr. Circle has made many "off-color remarks and has rubbed staff and others the wrong way on several occasions."

33. Jerrod Demers (white, male), another employee in the APHB, admitted that Mr. Circle "frequently" and derogatorily commented on Ms. Ki's level of plant experience in technical discussions.

34. Mr. Demers also admitted that he witnessed several incidents in Mr. Circle's office and in Branch meetings where Mr. Circle imitated an Asian accent. Mr. Demers states that when someone would mention Mr. Weerakkody, See-Meng Wong, or Ms. Ki, Mr. Circle would often look underneath the table and remark in a joking manner that he did not see them.

35. Mr. Demers further admitted that Ms. Ki often sought advice from him on how to handle the situation with Mr. Circle as Ms. Ki was singled out by Mr. Circle and Mr. Weerakkody and her felt your career was being unjustly impacted by bias.

36. Mr. Circle further berated Ms. Ki in connection to a fire drill far beyond the bounds of professionalism and treated Ms. Ki differently than he treated others—others described his conduct as highly inappropriate, unprofessional and immature.

37. Ms. Ki reported Mr. Circle's conduct to Mr. Weerakkody on "several occasions, either [in] one-on-one meetings or formal meetings such as a mid-year or an annual appraisal, complained to Mr. Weerakkody about Mr. Circle's behavior," and that "[e]ach time was []met with indifference."

## COUNT I
### (Discrimination on the Basis of Race in Violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*)

38. Plaintiff Ki incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-37 of this Complaint with the same force and vigor as if set out here in full.

39. On an ongoing basis from 2016 to September, 2018, Defendant NRC subjected Plaintiff Ki to a hostile work environment based on her race (Asian) by, among other things, permitting Circle to continually make demeaning and hostile comments about Asians.

40. Even after Ms. Ki reported Circle's hostile and intimidating conduct toward her, Defendant NRC failed to prevent or correct the hostile work environment.

41. Defendant NRC's acts constitute an objectively hostile work environment and Plaintiff Ki perceived Defendant's acts and severe or pervasive as to alter the terms and conditions of Plaintiff's employment.

42. Defendant NRC's acts constitute a hostile work environment based on race in violation of Title VII of the Civil Rights Act of 1964.

43. As a direct and proximate result of the unlawful acts of Defendant NRC, Plaintiff Ki suffered and continues to suffer pain, suffering, humiliation and mental distress.

## COUNT II
### ((Discrimination on the Basis of Sex in Violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*)

44. Plaintiff Ki incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-37 of this Complaint with the same force and vigor as if set out here in full.

45. On an ongoing basis from 2016 to September, Defendant NRC subjected Plaintiff Ki to a hostile work environment based on her sex (female).

46. Even after Ms. Ki reported Circle's hostile and intimidating conduct toward her, Defendant NRC failed to prevent or correct the hostile work environment.

47. Defendant NRC's acts constitute an objectively hostile work environment and Plaintiff Ki perceived Defendant's acts and severe or pervasive as to alter the terms and conditions of Plaintiff's employment.

48. Defendant NRC's acts constitute a hostile work environment based on sex in violation of Title VII of the Civil Rights Act of 1964.

49. As a direct and proximate result of the unlawful acts of Defendant NRC, Plaintiff Ki suffered and continues to suffer pain, suffering, humiliation and mental distress.

\*     \*     \*

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

1. Enter judgment on her behalf against Defendant;

    2.      Award Plaintiff Ki compensatory damages, and other damages;

    3.      Award Plaintiff his court costs, expenses, attorneys' fees, prejudgment interest and post-judgment interest;

    4.      Declare that Defendant's conduct is in violation of Title VII of the Civil Rights Act of 1964; and

    5.      Grant such other relief as this Court deems just and proper.

Respectfully submitted,

    /s/ *Geoffrey H. Simpson*
Geoffrey H. Simpson #18868
WEBSTER & FREDRICKSON, PLLC
1775 K Street, Suite 290
Washington, D.C.  20006
(202) 659-8510

Attorney for Plaintiff

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues contained herein.

Respectfully submitted,

___/s/ *Geoffrey H. Simpson*___
Geoffrey H. Simpson
WEBSTER & FREDRICKSON, PLLC
1775 K Street, Suite 290
Washington, D.C.  20006
(202) 659-8510

Attorney for Plaintiff